## MILLER v. STATE OF INDIANA.

[No. 24,004. Filed March 30, 1922.]

1. CRIMINAL LAW.—*Appeal.—Presenting Questions for Review. —Revocation of Suspended Sentence.—Record.—Dismissal.*—On appeal from a judgment revoking an order suspending sentence, a transcript commencing long after the supposed date of the judgment of conviction and which does not set out the pleadings on which the cause was tried, nor the finding or judgment, but only recites the filing of the motion for revocation of the order suspending sentence, with defendant's answer thereto,

and the ruling of the court thereon after hearing evidence which was not made part of the record, does not present any question for decision, and the appeal will be dismissed. p. 28.

2. CRIMINAL LAW.—*Appeal.*—*Record.*— *Omissions.*— *Recitals in Pleadings.*—On appeal from a judgment revoking an order suspending sentence, recitals in defendant's answer to the prosecuting attorney's motion for revocation cannot supply omissions from the record. p. 28.

3. CRIMINAL LAW.—*Appeal.*—*Judgment.*—*Presumptions.*—On an appeal from a judgment revoking an order suspending sentence, in which the evidence was not in the record, the court must presume, in support of the judgment, that the evidence failed to prove whatever cause, if any, for overruling the motion for revocation alleged in defendant's answer, and established facts which justified the action of the trial court, in the absence of a showing in the record to the contrary. p. 28.

4. CRIMINAL LAW.—*Appeal.*—*Assignment of Error.*—*Purpose.*— An assignment of error should challenge the ultimate and final ruling complained of, and not an intermediate decision, which was merely incidental in arriving at the point ruled on. p. 29.

From Newton Circuit Court; *George A. Williams,* Judge.

Prosecution by the State of Indiana against Job M. Miller, in which there was a judgment of conviction, but sentence was suspended. From a judgment revoking the order suspending sentence, the defendant appeals. *Appeal dismissed.*

*John A. Dunlap* and *E. M. LaRue,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

EWBANK, C. J.—This is an appeal from a judgment "that the order heretofore entered in this cause on May 13th, 1918, suspending sentence, be and the same is hereby revoked, and that the sentence heretofore imposed be enforced and carried out as by law provided, and defendant stand committed thereon."

The transcript certified to this court contains record entries of the action of the trial court on June 3 and

June 10, 1921, respectively, reciting an oral motion by the prosecuting attorney, and a verified answer in writing by the appellant, and stating, under date of June 3, that "the court having heard the evidence, by agreement of parties continues the further hearing of this cause until ten o'clock a.m. on June 10th, 1921," and that on the latter date the court heard argument and found "that the order heretofore entered in this cause on May 13th, 1918, suspending sentence, should be revoked, for the reason that the interest of society requires such revocation," and that the judgment was entered, as above stated. But the bill of exceptions sets out only the verified answer to the oral motion of the prosecuting attorney, and it does not appear what evidence was heard. No part of the record made in 1918, or at any time until June 3, 1921, has been certified. It does not appear whether appellant was charged by affidavit or indictment. Neither does the transcript contain any information whatever as to the judgment rendered, or what order suspending the sentence was made, or what occurred at any time prior to June 3, 1918, except for certain vague recitals in the verified answer filed by appellant. Statements in that answer cannot supply omissions from the record.

2, 3. We must presume, in support of the judgment below, that the evidence heard by the court failed to prove whatever cause for overruling the motion of the prosecuting attorney was alleged in the answer, if any such a cause was stated, and established facts which justified the action of the trial court.

A transcript which commences more than three years after the supposed date of the final judgment, and does not set out the pleadings on which the cause was tried, nor the finding nor judgment, but only recites the filing of a motion and answer thereto and the ruling by the court thereon, after hearing evi-

dence which is not made a part of the record, does not present any question for decision on appeal.

The only ruling of the trial court to which an exception was reserved was the entry of an order revoking a prior order, the terms of which are not stated, by which a judgment and sentence not recited in the transcript was suspended, and commanding that such sentence be "enforced and carried out as by law provided, and that defendant stand committed thereon."

The assignment of errors does not challenge the ruling on that motion, but specifies as error only "overruling appellant's verified objections * * *

4.  remonstrating against the court revoking the suspended sentence," which "objections" are shown by the record to have been treated as merely presenting an issue on which the court heard evidence, and they were only "overruled" in the sense that the court sustained the oral motion of the prosecuting attorney, and made the order which appellant asked it not to make. An assignment of error should challenge the ultimate and final ruling complained of, and not an intermediate decision, which was merely incidental in arriving at the point ruled on.

The appeal is dismissed.